### State of Vermont v. Gary Teachout

[451 A.2d 819]

No. 370-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

*John J. Easton, Jr.*, Attorney General, and *John H. Chase*, Special Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Valsangiacomo & Detora, P.C.*, Barre, for Defendant-Appellant.

**Barney, C.J.** The defendant was cited for a violation of 10 V.S.A. App. § 2b, also referred to as Vermont Fish and Game Regulation 877, transportation of deer parts that were unmarked or tagged. The statute reads in full:

A person who takes a deer in an open season shall immediately upon taking it into possession detach the proper deer tag from his license and affix the tag securely to the deer and keep the tag on the deer during possession and transportation until the deer is cut up for consumption.

A person shall not transport parts of a deer unless the parts or package containing them are marked with the name and address of the person who killed the deer.

It is undisputed that when stopped in his car by a game warden in November, 1980, the defendant had parts of a deer in his possession in green plastic garbage bags.

On appeal the defendant argues that the statute under which he was cited is invalid because at the time it was passed the Fish and Game Board was without authority to enact it, and that therefore he is guilty of no offense. The State, as expected, maintains the statute's validity, and the trial court agreed. We affirm.

The Fish and Game Board derives its power to adopt rules and regulations generally from 10 V.S.A. § 4082, which, at the time in question, provided in pertinent part that:

> The board is authorized and empowered at any time to determine under what circumstances, when and in what localities, by what means and in what amounts and numbers fish or wild animals, *excepting deer*, or any of them, may be pursued, taken, killed or had in possession . . . . (Emphasis added.)

At the same time this general authorization excepting such regulation in regard to deer was passed, however, the legislature also passed 10 V.S.A. § 4084, which read as follows:

> Any regulation or amendment thereto adopted pursuant to this subchapter which relates to wild animals may apply to all or any part of the state and may do any or all of the following *as to any or all species of wild animals*;
>
> (1) Establish, extend, shorten or abolish open seasons and closed seasons, *except for deer*;
>
> (2) Establish, change or abolish daily limits, season and possession limits, *except for deer*;
>
> (3) Establish and change territorial limits for the pursuit, taking or killing of any or all species or varieties, *except for deer*;
>
> (4) Prescribe the manner and means of pursuing, taking or killing *any species* including but not limited to, the prescribing of type or kinds of traps, firearms and weapons, or any other means or device, for taking such game, and including reporting and tagging of game or parts thereof;
>
> (5) Establish, change or abolish restrictions based

upon sex, maturity, or other physical distinction, *except for deer*;

(6) Designate areas for hunting with bow and arrow and the seasons therefore, *except for deer*. (Emphasis added.)

Thus, while § 4082 expressly prohibited the Board from regulating by what means and in what amounts deer might be pursued, taken, killed or had in possession, § 4084(4) appeared to grant authority to the Board with equal clarity and force to regulate at least the manner and means of such pursuit, taking or killing of deer, including specifically the tagging of deer or their parts.

In the face of this apparent inconsistency, the defendant argued below by memorandum that § 4084(4) was irrelevant to his case because the violation for which he was cited was the transportation or manner of possession of deer parts without regard to any taking or killing, which was the limited subject matter of § 4084(4). The State replies that § 4084(4), being the more specific statute, and the only one of the two which deals specifically with tagging and marking, must be considered to control this case under our rules of statutory construction. We agree with the State and note in addition that the defendant was not charged with possession, but only transportation of deer parts that were unmarked or tagged.

 In construing a statute we consider it as a whole, and, if possible, give effect to every word, clause, and sentence. *State* v. *Tierney*, 138 Vt. 163, 165, 412 A.2d 298, 299 (1980). We will look at every part of the statute, its subject matter, the effects and consequences, and the reason and spirit behind the law, *Langrock* v. *Department of Taxes*, 139 Vt. 108, 110, 423 A.2d 838, 839 (1980), in order to ascertain the intent of the legislature.

 Here, the very title of this statutory regulation, "deer tags," suggests at the outset that it comes within the authorization of § 4084(4), which specifically mentions "tagging" as an activity the Board can regulate. Further, the two sentences of the regulation taken together evince a consistent scheme for tracing a deer or its parts back to the individual who killed it and whose tag is required to be affixed

to it, while still allowing a group of hunters to share a deer killed by one of them. And finally, the second part of the regulation, under which the defendant was cited, can have no rational meaning unless its application is limited to the transportation of parts of a deer recently taken, killed, and *divided* between two or more persons, before those parts have been dressed, butchered, or cut up for consumption and reduced from "parts of a deer" to merely "cuts of meat." Thus, contrary to the defendant's position, the violation for which he was cited does come within the authorization at § 4084(4) to regulate the tagging of game in connection with the pursuit, taking or killing of deer.

■■ Having decided that § 4084(4) does support the regulation under which the defendant was cited, however, we are still left with the problem of determining which of the two inconsistent provisions controls. Our established rules settle the question. When two statutes deal with the same subject matter and one is general and the other is special, the latter must be given effect according to its terms. *Lomberg* v. *Crowley*, 138 Vt. 420, 423, 415 A.2d 1324, 1326 (1980); *State* v. *Stanley*, 82 Vt. 37, 39, 71 A. 817 (1909).

*Judgment affirmed.*