## In re Appeal of Raymond NOTT (Town of Hartford, Appellant)

[811 A.2d 210]

No. 02-040

October 23, 2002. This is a dispute over the construction of a local zoning ordinance pertaining to the operation of a home business. Town of Hartford (the "Town") appeals from a ruling of the environmental court holding that § 3-12.2 of the Hartford Zoning Regulations requires that "no more than three employees who are not full-time residents of the dwelling shall be employed at the dwelling." The Town argues that the environmental court's interpretation of § 3-12.2 is clearly erroneous, based on the plain meaning of the ordinance. Appellee Raymond Nott argues to the contrary, and further challenges the zoning ordinance as violative of the Vermont Planning and Development Act, the Vermont Constitution, and the United States Constitution. We affirm.

Raymond Nott is the owner of a 90-acre parcel of land in the Rural Lands 5 ("RL-5") zoning district of the Town. Nott lives on the site and operates an excavation business from his home. The business consists of building roads, digging cellar holes, installing septic systems, and plowing snow. The business currently employs seven people, none of whom live on the premises. These employees come to the site only as necessary to pick up equipment and receive instructions.

Nott applied for a conditional use approval for approval to operate his business out of his home. On May 26, 2000, the Hartford Zoning Board of Adjustment ("ZBA") granted Nott's request, subject to a number of conditions. Condition 2 provided that "[n]o more than three persons may be employed by the business in compliance with section 3-12.2 of the Zoning Regulations." On June 20, 2000, Nott appealed this decision to the environmental court, challenging the ZBA's interpretation of § 3-12.2, as well as the legality of the Town's interpretation of that section. On August 9, 2001, the environmental court granted a motion for summary judgment filed by Nott, holding § 3-12.2 to mean that "no more than three employees who are not full-time residents of the dwelling shall be employed at the dwelling."

The court asked the parties to attempt to stipulate to language altering the original conditions of approval. After the parties were unable to agree upon a stipulation, the Town filed a motion to amend the conditional use approval on November 19, 2001, to which Nott filed a memorandum in opposition. The parties apparently abandoned any effort to amend condition 2 and agreed on the following language for a new condition 3:

No more than ten round trips of vehicles may occur in any day to the property for business purposes, allocated as four round trips by [Nott] and a total of six round trips for the total of [Nott's] employees. All employee trips are confined to the business hours articulated in Finding of Fact #15: 6:30 a.m to 6:00 p.m., Monday through Sunday, except during a winter snowstorm. Any vehicle driven by an employee, whether personal or business, shall be included in the calculation of the six round trips allowed per day.

Nott, however, objected to the following fourth line suggested by the Town: "Any vehicle driven by [Nott] other than a car or pick-up truck will be considered to be for business purposes and included in the four round trips per day." On December 17, 2001, the court issued an entry order deciding the disputed language in favor of Nott. This appeal followed.

The Town challenges the environmental court's decision on the grounds that its interpretation of § 3-12.2 of the Hartford Zoning Regulations is clearly erroneous, as the plain meaning of the ordinance limits the total number of employees of a home industry to three, regardless of whether the employees work at or out of the home site.

These positions are to be evaluated under a limited standard of review. This Court will overturn the environmental court's construction of a zoning ordinance only if it is clearly erroneous, arbitrary, or capricious. *Houston v. Town of Waitsfield*, 162 Vt. 476, 479, 648 A.2d 864, 865 (1994). We will construe a zoning ordinance using the same rules as in the construction of a statute: words are construed according to their plain and ordinary meaning, and the whole of the ordinance is considered in order to try to give effect to every part. *In re Vt. Nat'l Bank*, 157 Vt. 306, 312, 597 A.2d 317, 320 (1991). Further, we will adopt the interpretation that implements the legislative purpose. *Badger v. Town of Ferrisburgh*, 168 Vt. 37, 40, 712 A.2d 911, 913 (1998). We have also recognized that zoning ordinances are in derogation of common law property rights, and therefore any uncertainty in such a regulation is to be decided in favor of the property owner. *In re Weeks*, 167 Vt. 551, 555, 712 A.2d 907, 910 (1998).

Section 3-12.2 of the Hartford Zoning Regulations requires that, for the issuance of a conditional use approval for a home industry, "[n]o more than 3 employees . . . who are not full-time residents of the dwelling shall be employed in the business." The environmental court interpreted this section to mean that "no more than three employees who are not full-time residents of the dwelling shall be employed at the dwelling."

Section 3-12.2 is one of a number of provisions that comprise the regulatory scheme for RL-5 districts and thus must be read in conjunction with the express objective of the RL-5 regulations:

> To limit developmental density in areas which are now largely in agricultural or forestry uses, where development may be difficult and/or undesirable, and public water and sewer services cannot be provided efficiently. Since the rural character of these lands depends on open space and natural areas, protection of these features should be considered when evaluating proposed conditional uses.

Thus, the permitted uses in such a district are limited to agriculture and single-family dwellings. Six other uses, including home industry, are permitted only upon issuance of a conditional use permit under the standards set out in 24 V.S.A. § 4407(2).

In this light, it is clear that § 3-12.2 was designed as a mechanism to regulate the number of persons who would regularly be on the site: the fewer the number of employees (those persons who are regularly on the site) working at or out of the dwelling, the lesser the disturbance to the rural character of the district. We recognize the Town's argument that the more employees a business has means the more activity associated with it, but even the Town has accepted that if the employees worked out of another location they should not be counted against the limit in the ordinance. Employees of the business who are not full-time residents of the dwelling, who do not work at or out of the dwelling, and who rarely or never come to the dwelling, will have little or no effect on the rural character of the district. Moreover, the ZBA has the power, pursuant to § 3-12.3 of the zoning regulations, to impose limitations "on the number of vehicle trips" and "parking, and other requirements" to further control the impact of the business. We cannot

conclude that the environmental court's construction of the ordinance is clearly erroneous, arbitrary, or capricious.

In reaching this conclusion, we reject the argument of the Town that the court's decision actually allows more than three employees to be employed at the dwelling as long as only three are present at the dwelling at any time. While we recognize there is some confusion caused by an apparent variance between Nott's proposed interpretation of the ordinance and the court's conclusions, we do not agree with this description of the decision. The court on two occasions stated that the ordinance means that only "three employees who are not full-time residents of the dwelling shall be employed at the dwelling."

Nor do we agree, as both parties suggest, that the court found lawful Nott's operation with seven employees. This is not an enforcement action, and the court made no determination of the place of employment of any of Nott's employees.

As we reject the Town's interpretation of § 3-12.2, we need not address Nott's other arguments that such an interpretation violates the Vermont Planning and Development Act, the Vermont Constitution, and the United States Constitution.

*Affirmed.*