**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of George and Pamela Rice | } } } } } | Docket No. 104-6-03 Vtec |

<u>Decision and Order on Cross-Motions for Summary Judgment</u>

Appellants George and Pamela Rice appeal from a decision of the Zoning Board of Adjustment (ZBA) of the Town of South Hero, affirming the Zoning Administrator' s decision to deny Appellants' application for a zoning permit to build a roofed walkway linking an existing house to an existing garage. Both parties move for summary judgment. Appellants are represented by Appellant George E. Rice, Esq.; the Town of South Hero is represented by Paul S. Gillies, Esq. The following facts are undisputed unless otherwise noted.

Appellants own property located at 16 Hall Road in the Shoreland zoning district of the Town of South Hero. A single-family residence and two separate garages are located on the property; the Appellants obtained a zoning permit prior to the construction of each structure. The first garage was built in 1995, near the road; it qualifies as an accessory structure (detached garage) and is not at issue in this appeal. The single-family residence was built between 1996 and 1998; it qualifies as the principal structure on the lot and meets all the setbacks for a structure on the lot.

Construction of the second garage was begun in 2002 but is not complete; it still requires the installation of siding and a connection to electrical power. It is set back 15 feet from the property line at issue in this appeal. As of the date of its zoning permit, it qualified as an accessory structure (detached garage). Both the house and the second garage have small porches or overhangs whose roofs are supported by posts.

In the Shoreland zoning district, Table 202.4 of the > Zoning Bylaw Regulations' (Bylaws) for the Town of South Hero requires structures in the Shoreland District to be set back at least 25 feet from the side property line, except that > accessory structures' may be set back at least 15 feet from the side property line.[3]

In the definitions provided in Appendix A, the term > structure' is defined as:

Anything constructed or erected (the use of which requires location on the ground, or attachment to something located on the ground) except a wall or fence 6 feet or less in height. Examples of structures include, but are not limited to: Buildings, Concrete Slabs, Foundations, Storage Tanks.

The term > accessory structure' is defined as:

A detached structure, the use of which is subordinate to the principal use or structure and located on the same lot. Examples of such a structure include, but are not limited to, detached garage, workshop, tool shed, or greenhouse, which does not meet any other definitions[4] herein.

The definitions do not further define > detached.'

The single-family residence complies with the 25-foot setback requirement for the principal structure on the lot. The second garage, prior to the application for a roofed walkway at issue in

this case, complies with the 15-foot setback requirement for a detached garage as an accessory structure on the lot.

In 2003, Appellants applied for a permit to build a roofed walkway, approximately twenty feet in length, linking the house diagonally to the second garage. The walkway is proposed to consist of a slate walkway approximately 5 feet in width laid directly on the ground and not attached to either the house porch or the garage. It is proposed to have a peaked roof approximately nine feet high at the peak and six feet in width, supported by four posts attached to the ground. The walkway is not proposed to be enclosed with walls, nor does it share an end wall either with the house or with the garage. Rather, the walkway roof is proposed to be freestanding, although attached to the house' s porch roof and to the garage's porch roof, presumably to protect its users from precipitation through a gap between the walkway roof and either structure' s roof[5]. The conduit for electrical service to the garage is proposed to run under the walkway roof.

The issue before the court on summary judgment is whether, by building the roofed walkway, the formerly > detached' garage would become a part of the principal structure, so as to convert the formerly-complying house and formerly-complying separate garage into a combined non-complying structure (because the existing garage is located less than the 25 feet from the side property line that would be required for a principal structure).

Zoning bylaws are to be construed under the general rules of statutory construction, applying the plain and ordinary meaning of the language, unless it is uncertain, and avoiding absurd and unreasonable results. See, e.g., In re Appeal of Casella Waste Management, Inc., 2003 VT 49, & 6 (May 29, 2003); Springfield Terminal Ry. Co. v. Agency of Transportation, 174 Vt. 341, 348 (2002); Lubinsky v. Fair Haven Zoning Bd., 148 Vt. 47, 49-50 (1986). Ambiguities are to be construed in favor of the landowner. In re Weeks, 167 Vt. 551, 555-56 (1998); In re Appeal of Nott, 174 Vt. 552, 553 (2002) (mem.).

In In re Kushwaha, Docket No. 25-1-02 Vtec (Vt. Envtl. Ct., June 26, 2002), an applicant sought to connect an existing single-family residence to an existing garage containing a residential apartment, seeking approval of the combined structure as a > two-family residence.' In ruling that a roofed walkway (similar in size and construction to that in the present appeal) would not convert the two separate structures into a single structure to qualify as a two-family residence, Judge Teachout conducted a functional analysis of the proposal. She stated that the proposal:

conflicts with the reasonable interpretation and concept of a two family residence as described above: it is two separate buildings, constructed and built separately, each with a separate foundation and structural definition. Applicants/Appellants propose to join them with a breezeway that has no walls and is only a roof over a covered walkway. The visual impression within the community is of two separate buildings and a connecting passageway, rather than of a single structure. The proposed connector is insufficient to change the basic character of the buildings from two separate residences to a single cohesive structure.

Similarly, the roofed walkway in the present case is insufficient to change the basic character of the separate garage and residence into a single combined primary structure. The house and the garage both remain separate structures with distinct and separate footprints.

We recognize that an important goal of zoning in general is to eliminate or avoid the creation of non-conforming uses, including non-conforming structures. See, e.g., Hinsdale v. Village of Essex Junction, 153 Vt. 618, 626 (1990); see also In re Pearl Street Mobil, Docket No. 2001-249 (Vt. Supreme Ct. 2001) (three-justice panel). However, this proposal does not convert or expand an existing conforming structure to a non-conforming one. It does not convert the existing garage to a residential use, nor does it create an additional enclosed space or room (whether in the house or the garage or the connecting structure) that would convert the garage to an attached rather

than a detached garage. Rather, it provides a protected path for persons moving between the two separate conforming structures.

At most, the roofed walkway in this case is an additional accessory structure and requires a permit as such. It is accessory to the primary residence, as it provides a protected means of passage between the primary structure (the house) and an accessory structure (the garage). Both structures, the house and the second garage, remain separate structures, each of which meets the side setback requirements in the Shoreland zoning district. The proposed roofed walkway, as an accessory structure that extends no farther into the side setback than the existing garage, would also meet the side setback requirements for an accessory structure and qualifies for a zoning permit.

Accordingly, based on the foregoing, Appellants' Motion for Summary Judgment is GRANTED; the Town' s Motion for Summary Judgment is DENIED. The decision of the ZBA is reversed and the permit for the proposed roofed walkway should be GRANTED, concluding this appeal.

Done at Barre, Vermont, this 23rd day of February, 2004.

_____
Merideth Wright
Environmental Judge

---

### Footnotes

1.    Neither party supplied this measurement or the permit for the second garage; we take this measurement from the Zoning Administrator's reference to it in his decision.

2.    Appellants provided only an excerpt of the zoning bylaws of the Town of Milton (in support of their argument regarding a definition of the term 'attached') and did not supply the South Hero zoning bylaws. The Court staff requested the Town's attorney to forward a copy of the South Hero zoning bylaws, but on January 23, 2004, received instead the subdivision regulations. On February 20, 2004, the Town's attorney forwarded the South Hero zoning bylaws.

3.    'Incidental structures' (defined as under 100 square feet in area and under 10 feet in height, not attached to a foundation, and 'easily and immediately moveable') need only be set back five feet, and do not require a zoning permit. None of the structures at issue in this appeal meet the definition of 'incidental structure,' regardless of size, as they are not 'easily and immediately moveable.'

4.    All the examples of accessory structures in this definition also necessarily meet the definition of 'structure' because the zoning classification of 'accessory structure' is a subset of the zoning classification of 'structure.' The added language 'not meeting any other definition' must therefore have been intended to exclude those zoning classifications such as 'communication towers' that

are separately regulated as primary structures, even if they otherwise are associated with and subordinate to a building, such as a police station or radio station.

5.      The Town does not contest Appellants' statement that the Zoning Administrator expressed the position that he would have granted the permit if there had been a space, no matter how small, between the walkway roof and either the house or the garage. Thus, if the walkway roof were to have been constructed so as to overhang the house porch roof or the garage roof extension, or both, the permit could have been granted.