2006 VT 9

**Appeal of CURTIS, et al.**

[896 A.2d 742]

No. 05-129

¶ 1. January 19, 2006. This case concerns the installation of wireless telecommunications antennas in the bell towers of St. Mary's Star of the Sea Catholic Church in Newport, Vermont, and the construction of a shed on church property to house related equipment. On August 12, 2003, Verizon Wireless applied to the zoning administrator for a zoning permit to install the antennas and build the shed. A group of Newport residents opposed the project. The zoning administrator granted the permit, but first required Verizon Wireless to obtain site plan approval from the Newport Planning Commission. The zoning board of adjustment upheld the zoning administrator's issuance of the permit. Both parties appealed to the environmental court, which granted partial summary judgment in favor of each by holding that the project was not prohibited by the Newport City Zoning Bylaw but required site plan approval. On appeal to this Court, residents contend that the bylaw prohibits the project because only one principal use and one principal structure are allowed on the property. On cross-appeal, Verizon Wireless argues that the bylaw does not require site plan approval. We affirm in part and reverse in part.

¶ 2. On review of summary judgment rulings, "we apply the same standard as the trial court and will affirm . . . if there are no genuine issues of material fact and the moving party is entitled to judgment as matter of law." *In re Jackson*, 2003 VT 45, ¶ 11, 175 Vt. 304, 830 A.2d 685 (quotations omitted). We will uphold the environmental court's construction of a zon-

ing bylaw "if it is rationally derived from a correct interpretation of the law and not clearly erroneous, arbitrary, or capricious." *In re Bennington Sch.*, 2004 VT 6, ¶ 11, 176 Vt. 584, 845 A.2d 332 (mem.). "[W]e will adopt the interpretation that implements the legislative purpose." *In re Nott*, 174 Vt. 552, 553, 811 A.2d 210, 212 (2002) (mem.). We construe the words of a zoning ordinance "according to their plain and ordinary meaning, and the whole of the ordinance is considered in order to try to give effect to every part." *Id.* at 553, 811 A.2d at 211-12.

¶ 3. The facts are not disputed. St. Mary's Star of the Sea Catholic Church is located in the urban residential district of Newport for zoning purposes, and St. Mary's is a religious institution within the meaning of the bylaw. The present use of the property is solely for St. Mary's Church. Verizon Wireless entered into a lease agreement with St. Mary's to install six wireless communication panel antennas, three inside each of two stone bell towers, and to construct a separate shed on church property. The proposed shed would be twelve feet by thirty feet, ten feet high, and would contain communications equipment, air conditioning units, and a diesel fuel generator.

¶ 4. At issue is the environmental court's interpretation of various provisions of the bylaw. In 2002, an amendment to the bylaw added a provision that regulates "Personal Wireless Telecommunications Facilities." Newport City Zoning Bylaw § 346. Section 346 subdivides wireless facilities into two classes: small-scale facilities, and all others that do not meet the small-scale definition. *Id.* §§ 346.05, 346.06. A small-scale facility is defined as the "placement of wireless telecommunications antennas, repeaters or micro cells on existing buildings, structures, roofs, or walls, and not extending more than 10 feet from the same, or the installation of ground facilities less than 20 feet in height." *Id.* § 346.05. The

environmental court found that Verizon Wireless' project is a small-scale facility within the meaning of § 346.05.[1] The permitting process places fewer requirements on applications for small-scale facilities. Compare *id.* § 346.05 with § 346.06. In addition, the bylaw prioritizes potential siting locations. First preference is given to siting facilities on municipally-owned land or structures, and second preference is to site them "[w]here the visual impact of towers can be minimized by the use of camouflage, stealth design or other innovative measures to reduce, eliminate or disguise the negative visual impact." *Id.* § 346.04.

¶ 5. On appeal, residents argue that the environmental court erred in upholding the permit because the project is precluded by § 308 of the bylaw. That section mandates that, in urban residential districts, there be "only one principal use or structure on a lot unless otherwise approved under the Planned Unit Development provisions." The antenna and shed were not approved under the Planned Unit Development provisions. Residents argue that § 308 precludes the construction of wireless telecommunications facilities on the church lot because the facilities would be an impermissible second principal use of the property and the shed an impermissible second principal structure. The environmental court harmonized the bylaw sections and held that the project does not amount to a second principal use, but instead constitutes an "allowed subordinate use." Not-

---

[1] In their reply brief, residents for the first time argue that the proposed project does not constitute a small-scale facility within the meaning of § 346.05. We will not entertain such an argument for the first time here. *Canton v. Graniteville Fire Dist. No. 4*, 171 Vt. 551, 552, 762 A.2d 808, 811 (2000) (mem.).

ing the bylaw's preference for stealth placement of wireless facilities, the court reasoned that § 308 does not "preclude approval of a subordinate or incidental second use on a lot that is specifically authorized elsewhere in the Zoning Bylaw and is not a second principal use on that lot."

¶ 6. Residents' argument is unavailing. Even assuming the project were a "principal use," we would give effect to § 346, which specifically addresses siting such facilities on or near existing structures, instead of § 308, which generally disallows more than one principal use per lot. See *State v. Teachout*, 142 Vt. 69, 73, 451 A.2d 819, 820-21 (1982) (recognizing that when two provisions address the same subject matter and one is general and the other specific, the latter is given effect). In addition, the bylaw creates a preference for wireless projects that reduce the negative visual impact of towers by "the use of camouflage, stealth design or other innovative measures." Newport City Zoning Bylaw § 346.04. Our holding also comports with most of the listed purposes of § 346.[2] To hold otherwise would

---

[2] The stated purposes of the bylaw include: preserving "the character and appearance of the City of Newport while allowing adequate telecommunications services to be developed"; protecting "the scenic, historic, environmental and natural resources of the City of Newport"; minimizing "tower and antenna proliferation by requiring the sharing of existing telecommunications facilities, towers and sites where possible and appropriate"; facilitating "the provision of telecommunications services to the community"; and minimizing "the adverse visual effects of telecommunications facilities and towers through careful design and siting standards." Newport City Zoning Bylaw § 346.01(A)-(B), (D)-(F).

offend § 346.04's preference for stealth structures and the listed purposes of the bylaw. The same reasoning applies to residents' argument that the shed is an impermissible second structure pursuant to § 308, because § 346.05 more specifically regulates this exact point and allows small, additional ground facilities less than twenty feet in height. On these grounds, we have no problem upholding the environmental court's decision, and, in light of this holding, residents' argument that the project violates § 204 ("[a]ny use not permitted by this bylaw shall be deemed prohibited") is without merit.

¶ 7. The issue on cross-appeal is whether Verizon Wireless was required to obtain site plan approval from the Newport Planning Commission prior to receiving a permit under the small-scale facility guidelines. The court held that, even though the project was small in scale and governed by § 346.05, Verizon Wireless was still required under § 606 to obtain site plan approval by the planning commission. Section 606 provides that "[n]o Zoning Permit shall be issued by the Administrative Officer for any use or structure, except for one-family and two-family dwellings, until the Planning Commission grants site plan approval." The environmental court again harmonized the conflicting provisions and held that § 346.05's requirement of a "final site and building plan" presupposes a site plan approved by the planning commission through the § 606 process.

¶ 8. On appeal, Verizon Wireless contends that § 346.05 does not require such site plan review. We agree with Verizon Wireless and reverse on this point. When a project meets the definition of a small-scale facility, § 346.05 allows approval of a permit upon provision of three items to the zoning administrator: (1) a final site and building plan; (2) a report from a qualified engineer showing that the structure is suitable for the antennas and

facility; and (3) a copy of the executed contract between the applicant and the landowner. Section 346.06, on the other hand, governs all non-small-scale telecommunications facilities and contains more extensive requirements, including a specific instruction to obtain site plan approval from the planning commission. *Id.* § 346.06 ("No construction ... of any ... facility shall commence without site plan approval first being obtained from the Planning Commission."). Where a restriction is imposed in one part of a legislative scheme but not in others, no such restriction is intended in the remainder. *In re 1650 Cases of Seized Liquor*, 168 Vt. 314, 323-24, 721 A.2d 100, 106 (1998). Here, the requirement that larger-scale facilities obtain planning commission site plan approval is absent from the small-scale requirements, and the qualifier that a small-scale facility must submit a "final" site and building plan is not strong enough to override that absence. Further, as it relates to small-scale telecommunications facilities, the specific requirement of § 346.05 trumps the more general requirement of § 606. *Teachout*, 142 Vt. at 73, 451 A.2d at 820-21. No site plan approval from the planning commission is required for small-scale facilities.

*Affirmed in part and reversed in part.*

Motion for reargument denied February 24, 2006.