¶ 1. April 2, 2007. Several neighbors of St. Mary's Star of the Sea Church in Newport, Vermont (collectively, "neighbors") appeal an Environmental Board order finding that Verizon Wireless's proposed construction on the land and in the towers of the Church is exempt from Act 250 jurisdiction. Neighbors also appeal the Board's preliminary decision to deny them party status under certain Act 250 criteria. We affirm.
 ¶ 2. In November 2002, Verizon Wireless requested a jurisdictional opinion from the District 7 Environmental Commission to determine whether it required an Act 250 land-use permit to proceed with its proposed project — installing three cellular-panel antennas and three personal-communication-services antennas within the Church's existing bell towers and constructing an equipment shelter in the parking lot adjacent to the Church. The Assistant Coordinator issued an opinion, finding that the project was exempt from Act 250 jurisdiction under 10 V.S.A. § 6081(b) because it was not a "substantial change" to the preexisting development (the Church). In June 2004, the Assistant Coordinator issued a second jurisdictional opinion, in response to Verizon Wireless's decision to move the proposed equipment shelter from the back of the Church "to a spot adjacent to the rectory" to minimize neighbors' noise concerns, and this time found that the project fell within the jurisdiction of Act 250. Upon reconsideration of the second jurisdictional opinion, the District 7 Coordinator agreed that under Act 250 a land-use permit would be required for the project.
 ¶ 3. In November 2004, Verizon Wireless filed a petition for declaratory ruling with the Board regarding the Act 250 jurisdictional issue. Neighbors requested party status under Act 250 criteria 1 (noise), 5 (traffic safety and congestion), 8 (aesthetics and historic impacts), 9(K) (public investments), and 10 (local and regional planning). See 10 V.S.A. § 6086(a) (listing the Act 250 criteria). In May 2005, the Board granted neighbors party status under criteria 8 and 10, but denied them status under criteria 1, 5, and 9(K). After considering the evidence, including observation of the Church property on a site visit, the Board conducted a substantial-change analysis under10 V.S.A. § 6081(b), and ruled that the "[p]roject is not subject to the jurisdiction" of Act 250. This appeal followed.
 ¶ 4. Neighbors now challenge the Board's denial of party status under *Page 590 
criteria 5 and 9(K),* and its ultimate decision that Verizon Wireless's proposed project does not amount to a substantial change to the Church, the preexisting development, and that Act 250 jurisdiction is therefore inappropriate.
 ¶ 5. First, we consider neighbors' contention that the Board erred in denying them party status under Act 250 criteria 5 and 9(K). Under Environmental Board Rule (EBR) 14(A)(5) and (6), the Board may grant party status to persons "who demonstrate[] an interest under any of the criteria listed at 10 V.S.A. Section 6086(a) [that] may be directly affected by the outcome of the proceeding" before the Board. Here, neighbors filed for party status under criteria 5 and 9(K), claiming that the expected loss of three Church parking spaces due to the proposed project would result in congestion on the public roads in their neighborhood and would jeopardize their safety while parking, driving and walking in the neighborhood during Church functions. See10 V.S.A. § 6086(a)(5) ("unreasonable congestion or unsafe conditions with respect to use of the highways"); id. § 6086(a)(9)(K) (unreasonable interference with "function, efficiency, or safety of, or the public's use or enjoyment of or access to" public lands and highways). The Board, relying partly on Verizon Wireless's affidavit "to the effect that . . . the Church parking lot could be reconfigured to result in no net loss in parking spaces," found neighbors' claims unavailing. It concluded that even despite the proposed lot reconfiguration, neighbors failed to "provide sufficient evidence" that the total loss of three percent of available Church parking, resulting from the loss of three spaces, had any possibility of creating relevant impacts under the "values that [c]riteria 5 or 9(K) seek to protect."
 ¶ 6. We review the Board's decision to deny party status to neighbors under Act 250 criteria 5 and 9(K) for abuse of discretion, and will reverse only upon finding that the Board `"withheld its discretion entirely or . . . exercised [discretion] for clearly untenable reasons or to a clearly untenable extent.'" In re Putney Paper Co., 168 Vt. 608, 609,714 A.2d 644, 646 (1998) (mem.) (quoting Vt. Nat'l Bank v. Clark,156 Vt. 143, 145, 588 A.2d 621, 622 (1991)). Based on the record before us, we cannot say that the Board acted unreasonably in exercising its discretion. Rather, the Board considered the values underlying criteria 5 and 9(K) and, based on the affidavits and evidence presented by both parties, concluded that neighbors had failed to show how Verizon Wireless's proposed project would result in a relevant impact on those values. Thus, we discern no abuse of discretion.
 ¶ 7. Next, we evaluate neighbors' challenge to the Board's final ruling regarding Act 250 jurisdiction over Verizon Wireless's proposed project. In considering neighbors' arguments, "we apply a deferential standard of review." In re EHV-Weidmann Indus., Inc., 173 Vt. 581, 582,795 A.2d 1185, 1187 (2002) (mem.). We recognize the Board has "special expertise" to determine whether a project falls within Act 250 jurisdiction and will uphold the Board's decision so long as it is not clearly erroneous. In re Stokes Commc'ns Corp., 164 Vt. 30, 35,664 A.2d 712, 715 (1995).
 ¶ 8. It is undisputed by the parties that because the Church was built before 1970 it is a "preexisting development" and is thereby exempt from Act 250 jurisdiction. See 10 V.S.A. § 6081(b) (exempting developments commenced before June 1, 1970 from land-use permit requirement absent a substantial change). Neighbors *Page 591 
argue, however, that the Board erred by (1) extending the Church's exemption under § 6081(b) to Verizon Wireless's project and (2) determining that Verizon Wireless's project does not amount to a substantial change to the preexisting development.
 ¶ 9. We cannot agree with neighbors that the Board erred when it analyzed Verizon Wireless's project under § 6081(b), rather than as a new development. The Board rejected neighbors' contention that the project should not be grandfathered under § 6081(b) because it is a "new and separate commercial interest that is unaffiliated with the Church," finding that drawing such distinctions in purpose would "cause identical construction to be treated differently." More specifically, it would result in the project "be[ing] subject to jurisdiction but identical towers installed by the Church to broadcast religious messages" remaining outside of Act 250 jurisdiction. Such an interpretation of the exemption would lead to an irrational consequence, and the Board was justified in rejecting it. Brawn v. Bd. of Dental Exam'rs, 167 Vt. 110, 117,702 A.2d 124, 128 (1997) ("We presume that the Legislature does not intend an interpretation that would lead to absurd or irrational consequences."). Neighbors' argument is further undermined by the fact that the Church is a co-applicant here and, as lessor, is entitled to rental payments from the project. In light of our deferential standard of review, and the underlying purpose of Act 250 — to regulate the impacts
of development, not the purpose served, nor the parties benefited by the construction — we find no error in the Board's determination. See In reAudet, 2004 VT 30, ¶ 14, 176 Vt. 617, 850 A.2d 1000 (mem.) ("[T]he Legislature's purpose in enacting Act 250 was to protect and conserve the lands and environment of the state from the impacts of unplanned and uncontrolled changes in land use.").
 ¶ 10. Finally, we uphold the Board's decision that Verizon Wireless's proposed project does not amount to a substantial change to the Church and is therefore exempt from Act 250 jurisdiction. Once a project is determined to fall within § 6081(b), the burden shifts to the proponents of jurisdiction to demonstrate that the project represents a substantial change to the preexisting development. In re Hale Mountain Fish GameClub, Declaratory Ruling # 435, memorandum of decision, at 2-4 (Sept. 24, 2004). A "substantial change" is defined as "any change in a development . . . which may result in significant impact with respect to any of the [Act 250] criteria." EBR 2(G). We have repeatedly upheld the Board's two-pronged substantial-change test. Under the test, the Board first determines whether a cognizable change to the preexisting development will result from the project, and, if so, whether it has the potential for significant impact under one or more of the Act 250 criteria enumerated in 10 V.S.A. § 6086(a). Sec'y, Vt. Agency of Natural Res. v.Earth Constr, Inc., 165 Vt. 160, 164, 676 A.2d 769, 772 (1996); In reBarlow, 160 Vt. 513, 521-22, 631 A.2d 853, 858-59 (1993).
 ¶ 11. Under prong one of the test, the Board found that "both the installation of the antennas in the bell towers and the construction of the equipment building" were cognizable changes to the Church; the Board then went on to analyze the potential for significant impacts on aesthetics and historic value of the site (criterion 8), and conformance with the city plan (criterion 10) under the second prong of the test. At a site visit conducted in June 2005, the Board viewed the Church property, including nonfunctioning antennas in the west tower installed by Verizon Wireless at the request of the District Commission, and *Page 592 
noted the "moderate" ambient noise level at the location of the proposed equipment shelter. Based partly on its site visit, the Board found that the "present mesh screening prevents clear views through the bell towers," and that the proposed screens would improve views through the towers. Furthermore, the Board observed that while the antennas were visible through the openings in the bell towers, they did not "significantly detract from the Church's overall visual aesthetic quality." Taking into consideration the evidence presented by neighbors and the observations made on the site visit, the Board concluded that neither the proposed cell towers nor the equipment shelter would have "significant visual impacts on the aesthetics of the area" or "any impacts on the ambient noise levels in the area." See In re Quechee LakesCorp., 154 Vt. 543, 552, 580 A.2d 957, 962 (1990) (stating that administrative tribunal's findings may be partly based on knowledge garnered from site visits).
 ¶ 12. Concerning any impacts on the historic value of the Church, the Board noted in its analysis that the only documentary evidence presented on the issue was a letter from the Vermont Division for Historic Preservation opining that the project "will have no adverse effect to this historic resource." Thus, the Board concluded that neighbors had failed to meet their burden of proof as to that criterion.
 ¶ 13. Lastly, as to criterion 10, the Board found that neither party indicated any particular section of the Newport City Plan that would be applicable to the proposed project, but rather focused on sections of the city's zoning bylaws. The Board thus cited to the Environmental Court's ruling in a related case on the issue of the project's compliance with the local zoning bylaws, which indicated that any claims neighbors might raise as to the city plan relevant to criterion 10 were not likely to rise to the level necessary to find jurisdiction under the Board's substantial-change test. In re Curtis, Docket No. 231-12-03 Vtec (Jan. 24, 2005). While the Environmental Court's ruling was, at the time, being appealed to this Court, we have since upheld that decision in In reCurtis, 2006 VT 9, 179 Vt. 620, 896 A.2d 742 (mem.), finding that the proposed project complies with local zoning regulations, and that neighbors failed to identify any part of the city plan with which the project conflicts. Given that neighbors argued before the Board that the proposed project failed to conform with the city's zoning bylaws, they cannot now, on appeal, raise the distinct issue that the Church parking lot's nonconforming use (with potential impacts on Verizon Wireless's project) violates the city plan. In re Whitney, 168 Vt. 209, 214,719 A.2d 875, 879 (1998) ("We will not consider issues raised for the first time in this Court."). In any event, the Board appropriately analyzed the potential for significant impacts on the aesthetics and historic value of the site, and conformance with the city plan based on the evidence before it, and determined that the second prong of the substantial-change test was not met with regard to Verizon Wireless's project.
 ¶ 14. We fail to find error with the Board's substantial-change analysis under criteria 8 and 10 of Act 250. The Board's conclusions were based on the evidence presented by the parties and the Board's own site visit to the Church. Neighbors had the burden of proving that Verizon Wireless's project would create a substantial change to the Church with regard to its aesthetics and historic value, or compliance with the city plan, and they did not meet that burden. On appeal, neighbors have not presented sufficient evidence of error to override our deference to the Board's Act 250 *Page 593 
jurisdictional determinations, and we therefore affirm.
Affirmed.
* Neighbors do not, however, appeal the Board's denial of party status under criterion 1 (noise).