# STATE OF VERMONT

| | |
|---|---|
| SUPERIOR COURT | ENVIRONMENTAL DIVISION |
| Vermont Unit | Docket No. 75-5-14 Vtec |

| | |
|---|---|
| Deuso NOV | JUDGMENT ORDER |

On October 28, 2014 the Court held a site visit at the subject property, located at 103 Center Road in Essex, Vermont, and a subsequent half-day merits hearing in this matter at the Costello Courthouse in Burlington, Vermont. Appellant Kevin Deuso, represented by Paul R. Morwood, Esq., was present at the site visit and merits hearing. The Town of Essex (the Town) was represented by William F. Ellis at the site visit and merits hearing. Interested Person Barbara Higgins was also present at both the site visit and merits hearing. After all parties had a full opportunity to present evidence, the Court took a brief recess to review the evidence, conduct legal research, and deliberate. The Court thereafter reconvened the hearing and announced its Findings of Fact, Conclusions of Law, and Order. This Judgment Order is to provide a summary of those Findings and Conclusions and satisfy the Court's obligation under Vermont Rule of Civil Procedure 58; to the extent the reader wishes to review the Court's Findings and Conclusions, the reader is referred to the record of the October 28, 2014 hearing.

## Summary of Findings of Fact

Appellant Kevin Deuso owns the property located at 103 Center Road where he operates a properly permitted conditional use home occupation that buys gold, silver, coins, jewelry, and antiques. Mr. Deuso owns a blue Dodge pickup truck that he parks in the driveway. A white "A-frame" display with dark numbers and letters in the truck bed calls attention to Mr. Deuso's business. This display is affixed to Mr. Deuso's truck by a compression strap. Testimony indicates that in March of 2014, the truck remained in the driveway for at least three days.

On March 27, 2014, the Town Zoning Administrator issued a Notice of Violation to Mr. Deuso for violating § 3.10 of the Town's bylaws, which requires a permit for any sign unless specifically exempted. After the Town's Zoning Board of Adjustment affirmed the violation, Mr. Deuso timely appealed that decision to this Court.

Mr. Deuso purchased the pickup truck in 2008. He uses it regularly for business by travelling to the location of his customers and removing the goods he acquires. He also regularly uses the truck to travel to St. Albans, Connecticut, and New York for various business and personal uses. Mr. Deuso uses the truck for about 10 to 12 trips per week and drives it an average of 16,000 miles per year.

## Summary of Conclusions of Law

At issue in this appeal is whether the Appellant's display is a sign as defined in the Town's bylaws, and if so, whether it is otherwise exempt from the permitting. "We interpret a zoning ordinance under familiar rules of statutory construction. In re Trahan NOV, 2008 VT 90, ¶ 19, 184 Vt. 262 (citations omitted). Thus, "[w]e construe the words of a zoning ordinance 'according to their plain and ordinary meaning, and the whole of the ordinance is considered in order to try to give effect to every part.'" In re Curtis, 2006 VT 9, ¶ 2, 179 Vt. 620 (quoting In re Nott, 174 Vt. 552, 553 (2002) (mem.)).

Section 8.1 of the Town of Essex Zoning Regulations (the Regulations) defines "sign" as a "device affixed . . . directly or indirectly upon . . . land and which directs attention to an . . . activity . . . or business." The A-frame display is a device temporarily affixed to Mr. Deuso's pickup truck. The pickup truck periodically sits in Mr. Deuso's driveway. The display is therefore a device indirectly affixed to the land. The display itself lists the function of the business and relevant contact information, directing attention to Mr. Deuso's business. Thus, Mr. Deuso's display is a sign under the Regulations.

Section 3.10 of the Regulations require a zoning permit for all signs as defined in Article VIII except for those satisfying the exemptions listed in § 3.10(B)(1–11). Section 3.10(B)(11) exempts "signs on motor vehicles except where determined by the Zoning Administrator to be circumventing the purposes of this Section when the display of such a sign has become the primary purpose of the vehicle" (emphasis added). Credible and uncontroverted testimony indicates that the Mr. Deuso's primary use of the pickup truck is related to personal and business transportation. Since the primary use of the vehicle is not related to the display of the sign, the exemption applies and the display exempt from the need of a zoning permit by the plain language of the ordinance.

Though we empathize with the Town in their concerns that this ruling will enable a proliferation of similar displays and their effect on the character of the area, we are guided in our analysis by the principle that zoning regulations are a derogation of common-law property rights and that any ambiguities are to be resolved in favor of the landowner. In re Miserocchi,

170 Vt. 320, 324 (2000) (citing <u>In re Weeks</u>, 167 Vt. 551, 555 (1998)). The Town is free to amend its ordinance and refine the language related to permitting required for signage, but as written, the language of the ordinance exempts the subject sign from the requirement for a permit. We therefore conclude that Mr. Deuso's failure to obtain a permit for the sign was not a violation of the Regulations and **VACATE** the Notice of Violation.

This completes this proceeding.

Electronically signed on November 03, 2014 at 03:41 PM pursuant to V.R.E.F. 7(d).

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division