2005 VT 64

**Paul L. BIDGOOD v. TOWN OF CAVENDISH, et al.**

[878 A.2d 290]

No. 03-555

¶ 1. September 15, 2005. Appellant Paul Bidgood appeals a trial court order denying his request to rescind a settlement agreement and resume trial to adjudicate issues that the parties had resolved through the settlement agreement. We affirm.

¶ 2. This case involves a dispute between Mr. Bidgood and the Town of Cavendish over the reclassification of a town highway from Class 3 to Class 4. Mr. Bidgood sought to ensure winter access to his property, which fronts the highway, by filing two actions in Windsor Superior Court: (1) an appeal from the road commissioner's reclassification determination; and (2) a civil action seeking a declaration of the highway's legal status and asserting various tort claims against the Town of Chester, Cavendish, a town manager, and the Agency of Natural Resources. The trial court consolidated both actions and held a trial.

¶ 3. During trial, the parties reached a comprehensive settlement agreement of all contested matters. In negotiating the agreement, Mr. Bidgood was represented by two attorneys. The court incorporated the settlement agreement into an Order of Dismissal on May 16, 2003, and dismissed the case with prejudice "with leave to reopen within ninety (90) days" if certain conditions in the settlement agreement were not satisfied. Accordingly, the deadline for reopening the case under the court's order was August 14, 2003.

¶ 4. On August 25, 2003, Mr. Bidgood filed a document dated August 14, 2003, and titled, "Motion to Inform The Court That Plaintiff Rescinds Settlement." On October 2, 2003, Mr. Bidgood filed another motion titled motion to resume trial. The trial court denied Mr. Bidgood's motion to inform stating that it did not contain an appropriate request for court action. The trial court also denied the motion to resume trial, finding that plaintiff "has not shown grounds to set aside the Order of May 16, 2003 in a manner required by Rule 60(b) of the Vermont Rules of Civil Procedure," and that the contingency set out in the dismissal order was unsatisfied. Plaintiff appeals.

¶ 5. Mr. Bidgood requests this Court to reach the merits and adjudicate his claims against the opposing parties. He also argues that the lower court lacked subject matter jurisdiction to dismiss the case because it failed to: (1) follow statu-

tory procedures; (2) appoint commissioners; (3) stay the proposed reclassification; (4) make all interested persons parties to the action; and (5) bring the controversy before the Transportation Board.

¶ 6. We affirm because the doctrine of res judicata precludes Mr. Bidgood from collaterally attacking the validity of the order. "Res judicata bars litigation of a claim or defense if there exists a final judgment in former litigation in which the parties, subject matter, and causes of action are identical or substantially identical." *Kellner v. Kellner*, 2004 VT 1, ¶ 8, 176 Vt. 571, 844 A.2d 743 (mem.) (quotations omitted). Res judicata also bars parties from litigating claims that the parties should have raised in a previous proceeding. *Id.* A settlement agreement that is incorporated into a final judgment can be disturbed pursuant only to the procedures set forth in Vermont Rule of Civil Procedure 60(b). *Id.* ¶¶ 6, 8 (discussing and relying on *Johnston v. Wilkins*, 2003 VT 56, 175 Vt. 567, 830 A.2d 695 (mem.)).

¶ 7. In the present case, the settlement agreement was incorporated into a final order. The parties are identical. The subject matter — reclassification and maintenance of a town highway — was central to the litigation that the settlement agreement resolved. Thus, Mr. Bidgood's renewed claims are barred by res judicata, and the final order controls.

¶ 8. The final order permitted Mr. Bidgood to reopen the case by August 14, 2003. He did not file his motion to rescind the settlement agreement until after that deadline, and thus the motion did not reopen the case. Although Mr. Bidgood's motion to inform was dated August 14, 2003, he filed it with the court on August 25. V.R.C.P. 3 ("A civil action is commenced by filing a complaint with the court . . . ."); V.R.C.P. 5(e) (filing of papers with the court "shall be made by filing them with the clerk of the court"). While Mr. Bidgood filed the motion with the clerk of the court, he was not timely because it was not filed until August 25, after the ninety-day deadline under the settlement agreement. Therefore, the final judgment remains binding on Mr. Bidgood.

¶ 9. The final judgment may be disturbed pursuant only to Rule 60(b). The trial court treated Mr. Bidgood's motion to resume trial as a motion under Rule 60(b) and found that he showed no grounds under the rule to set aside the order. We review a Rule 60(b) decision narrowly, and will not overturn it unless the trial court abused its discretion. *Murphy v. Dep't of Taxes*, 173 Vt. 571, 573, 795 A.2d 1131, 1133 (2001) (mem.). The record contains no evidence that Mr. Bidgood acted under duress, or that an unfair bargaining process took place. Indeed, he was represented by two attorneys during trial and the negotiation process. Thus, the trial court did not abuse its discretion.

¶ 10. Mr. Bidgood attempts to challenge the superior court's subject matter jurisdiction over this case by arguing that the trial court failed to follow statutory procedures in reclassifying the highway. Title 4 V.S.A. § 113 confers jurisdiction on the superior court in all civil cases except in certain situations not applicable to this case. Mr. Bidgood invoked the jurisdiction of the superior court when he filed an action under Vermont Rule of Civil Procedure 75, and appealed the road commissioner's determination. Under § 113, the superior court had jurisdiction over these actions, and Mr. Bidgood's challenges to the correctness of the court's decision do not remove its jurisdiction. Thus, the settlement agreement controls and we, therefore, affirm.

*Affirmed.*