2006 VT 34

## In re Peter and Carla Ochs
## In re Vermont RSA Limited Partnership d/b/a Verizon Wireless
## In re Hale Mountain Fish and Game Club, Inc.
## In re McLean Enterprises Corp.

[897 A.2d 550]

Nos. 05-385, 05-518, 05-520 & 05-521

Present: **Johnson and Skoglund, JJ., and Kupersmith, D.J., Gibson, J. (Ret.) and Martin, Supr. J. (Ret.), Specially Assigned**

Opinion Filed April 28, 2006

*Paul S. Gillies* and *Gerald R. Tarrant* of *Tarrant, Marks & Gillies*, Montpelier, for Appellants (05-385 & 05-518).

*Stephen A. Reynes, Joslyn L. Wilschek* and *Evan Mulholland* of *Primmer Piper Eggleston & Cramer, P.C.*, Montpelier, for Appellants (05-520).

*William A. Hunter* and *Suzanne Meaney*, Pro Se, Cavendish, Appellants (05-521).

*Peter F. Langrock* and *Frank H. Langrock* of *Langrock Sperry & Wool, LLP*, Middlebury, for Appellees (05-385).

*Brian J. Sullivan* of *Murphy Sullivan Kronk*, Burlington, for Appellees (05-518).

*Shannon A. Bertrand* of *Kenlan, Schwiebert & Facey, P.C.*, Rutland, for Appellees (05-520 & 05-521).

¶ 1. **Skoglund, J.** Each of these four cases is an appeal from an Environmental Board ruling either affirming a district environmental commission coordinator's jurisdictional opinion that declined to impose Act 250 jurisdiction or reversing a jurisdictional opinion that Act 250 applied. In all four cases, appellees are landowners who obtained Board rulings obviating the need for them to obtain Act 250 permits for activities on their lands, and appellants are adjoining landowners who appealed those Board rulings to this Court. Appellees then moved to dismiss, arguing in each case that appellants were precluded from appealing a Board ruling to this Court by 10 V.S.A. § 6085(c)(1). Appellants argue in opposition that § 6085(c)(1)'s list of persons allowed to appeal to this Court applies only in the context of an Act 250 permit appeal. We consolidated the cases solely for the purpose of deciding the motions to dismiss. As explained below, the motions are denied.

¶ 2. Preliminarily, it is undisputed that the substantial amendments to Act 250 passed by the Legislature in 2004 do not apply to any of the cases. The effective date of those amendments is January 31, 2005. 2003, No. 115 (Adj. Sess.), § 119(e). Because the proceedings before the Board in all four cases commenced prior to January 31, 2005, the version of Act 250 in effect prior to the 2004 amendments governs these cases.

¶ 3. Act 250 incorporates the Vermont Administrative Procedure Act (VAPA): "The provisions of chapter 25 of Title 3 shall apply unless otherwise specifically stated." 10 V.S.A. § 6002. Thus, absent a specific provision elsewhere in Act 250 to the contrary, "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the supreme court." 3 V.S.A. § 815(a). In the instant cases, there is no dispute that appellants are aggrieved by a final decision of the Board and have exhausted their administrative remedies. In addition, each of these appeals is a "contested case" under the VAPA, which requires each agency to "provide for the filing and prompt disposition of petitions for declaratory rulings as to

the applicability of any statutory provision" and states that "[r]ulings disposing of petitions have the same status as agency decisions or orders in contested cases." *Id.* § 808. As a result, the instant motions turn on whether a limitation on appellate standing in appeals of the kind at issue here is "otherwise specifically stated," 10 V.S.A. § 6002, in Act 250.

¶ 4. No provision of Act 250 addresses appeals of rulings on jurisdictional opinions beyond the Board level. Under 10 V.S.A. § 6007(c), "any person . . . may request a jurisdictional opinion from the district coordinator concerning the applicability of" Act 250 to "an activity which might or might not constitute development." The statute authorizes persons "who may be affected by the outcome of the opinion, or by parties that would be entitled to notice under section 6084" to appeal a jurisdictional opinion to the Board. *Id.* Significantly, § 6007(c)'s statement that an appeal to the Board "shall be by means of a petition for declaratory ruling" which "shall be treated as a contested case" dovetails with the "contested case" language of §§ 808 and 815(a) of the VAPA. This is no mere coincidence — rather, it indicates the Legislature's intent to subject jurisdictional opinions under § 6007(c) to the VAPA. See *Payea v. Howard Bank*, 164 Vt. 106, 107, 663 A.2d 937, 938 (1995) ("When construing a statute, we presume that language is inserted advisedly.").

¶ 5. In an attempt to find a limitation to appellate standing elsewhere in Act 250, appellees point to § 6085(c)(1), which allows "only the applicant, the landowner if the applicant is not the landowner, a state agency, the regional and municipal planning commissions and the municipalities required to receive notice" to appeal Board decisions to this Court. The organization of Act 250, however, indicates that § 6085(c)(1) applies only to appeals of Board decisions granting or denying permits. Section 6085 is part of subchapter 4 of Act 250, entitled "Permits," and sets forth procedures for hearings on permit applications. Indeed, the fact that § 6085(c)(1) explicitly grants standing to the "applicant" indicates that the Legislature envisioned it as applying to appeals from permit proceedings, not to appeals from other proceedings that fall within the Board's purview. Compare 10 V.S.A. § 6083(a)(1) (describing information to be supplied by "applicant" in permit application), *id.* § 6084(a) (describing notice requirements to be fulfilled by "applicant"), *id.* § 6086 (referring repeatedly to criteria "applicant" must satisfy to obtain permit), and *id.* § 6088 (allocating burden of proof among "applicant"

and "any party opposing the applicant"), with *id.* § 6007(c) (referring to person who has asked for jurisdictional opinion as "requestor").

¶ 6. This conclusion is buttressed by § 6089, the section of the "Permits" subchapter governing appeals. It provides that "[a]n appeal from a decision of the board under subsection (a) of this section shall be to the supreme court by a party as set forth in section 6085(c)." *Id.* § 6089(b). Subsection (a), in turn, states that "[a]n appeal from the district commission shall be to the board." *Id.* § 6089(a). By contrast, jurisdictional opinions are issued by the district coordinators and not the district commissions, *id.* § 6007(c), and thus do not fall within § 6089(a). It follows that appeals from Board rulings on jurisdictional opinions are not "decision[s] of the board under subsection (a)" within the meaning of § 6089(b), a conclusion solidified by the placement of § 6089 within the "Permits" subchapter. Accordingly, § 6089 applies the limitations of § 6085(c) only to permit appeals.

¶ 7. Appellees point out that we have consistently read § 6085(c) as barring adjoining landowners from appealing Board decisions to this Court. See, e.g., *In re Cabot Creamery Coop.*, 164 Vt. 26, 28, 663 A.2d 940, 941 (1995) ("Permissive parties, such as adjoining landowners, are not among the enumerated parties [in § 6085(c)] and therefore are affirmatively prohibited from appealing to this Court."). Appellees' reliance on these cases, however, overlooks the fact that these cases all involved attempts by parties not enumerated by § 6085(c) to participate in appeals of Board decisions granting or denying permits. See, e.g., *id.* at 27, 663 A.2d at 940 (noting that petitioner was appealing a Board decision that affirmed a permit subject to certain conditions). Thus, the precedents cited by the appellees are compatible with the conclusion that § 6085(c) does not apply to the instant appeals because they are not permit appeals.

¶ 8. Moreover, this Court recently entertained an appeal, filed by neighboring landowners, of a Board declaratory ruling reversing a jurisdictional opinion. *In re Audet*, 2004 VT 30, 176 Vt. 617, 850 A.2d 1000 (mem.). There, Audet's neighbors requested and obtained a jurisdictional opinion that Audet needed an Act 250 permit to use a parcel of his land for his business. *Id.* ¶ 4. Audet appealed to the Board and eventually obtained a ruling reversing the jurisdictional opinion and determining that Act 250 did not apply. *Id.* ¶ 5. This Court heard the neighbors' appeal and affirmed, *id.* ¶ 10, without discussing the neighbors' standing.

¶ 9. We now make explicit that which was left implicit by *In re Audet*: Section 6085(c)'s limitation on appellate standing applies only to Board decisions granting or denying Act 250 permits. With respect to appeals of Board decisions affirming or reversing jurisdictional opinions in proceedings commenced prior to the effective date of the 2004 amendments to Act 250, we hold that the VAPA governs appellate standing because, under 10 V.S.A. § 6002, no limitation of appellate standing is "otherwise specifically stated" in Act 250. Finally, as described above, appellants meet 3 V.S.A. § 815(a)'s requirements for standing to appeal to this Court. Accordingly, the motions to dismiss these appeals are denied.

*The motions to dismiss in the above-captioned appeals are denied.*