2006 VT 103

## In re ST. MARY'S CHURCH CELL TOWER

[910 A.2d 925]

No. 06-029

¶ 1. October 24, 2006. Verizon Wireless appeals the Environmental Court's decision to remand this case to the zoning board of adjustment (ZBA). The Environmental Court asked the ZBA to consider whether St. Mary's Church needs a conditional use permit before changing its parking arrangements to accommodate Verizon Wireless's small-scale telecommunications facility. We reverse the Environmental Court's decision and dismiss the case.

¶ 2. This case arises out of a proposed project to mount wireless cell phone antennas in the towers of St. Mary Star of the Sea Catholic Church in Newport, Vermont. From the beginning, this plan met with resistance from certain neighbors. The neighbors lost the first case, in which they challenged the zoning permit Verizon Wireless received to implement the project. *In re Curtis*, 2006 VT 9, 179 Vt. 620, 896 A.2d 742 (mem.). The neighbors instituted this lawsuit on the premise that, even if Verizon Wireless had a valid zoning permit, the church, as a landowner, might still need a conditional use permit in order to allow Verizon Wireless to modify the church's parking lot.

¶ 3. Verizon Wireless contends that the neighbors are precluded by res judicata from bringing this claim because it should have been raised in their first appeal of the zoning permit. The preclusion question, Verizon Wireless argues, is a jurisdictional one, and therefore this Court should review it de novo. *Town of Charlotte v. Richmond*, 158 Vt. 354, 358, 609 A.2d 638, 640 (1992). To preclude a claim from being litigated, Verizon Wireless must show that (1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the prior proceeding. *Bidgood v. Town of Cavendish*, 2005 VT 64, ¶ 6, 179 Vt. 530, 878 A.2d 290 (mem.); see also *In re Cent. Vt. Pub. Serv. Corp.*, 172 Vt. 14, 39, 769 A.2d 668, 687 (2001) (differentiating between claim preclusion or res judicata and issue preclusion or collateral estoppel).

¶ 4. The neighbors argue that this is merely a question of ordinance interpretation, and the Court should not disturb the Environmental Court's interpretation unless it was clearly erroneous, arbitrary, or capricious. *In re Nott*, 174 Vt. 552, 553, 811 A.2d 210, 211-12 (2002) (mem.). In construing a zoning ordinance, this Court uses "the same rules as in the construction of a statute: words are con-

strued according to their plain and ordinary meaning, and the whole of the ordinance is considered in order to try to give effect to every part." *Id.* Before we can evaluate the Environmental Court's bylaw interpretation, we must determine whether this claim is precluded. Because we determine that res judicata applies, we do not review the merits under either standard of review.

¶ 5. The history of this case has been thoroughly explained both in our recent decision, *Curtis*, 2006 VT 9, ¶¶ 1, 3, and in the Environmental Court's decision. Nevertheless, it is worth noting that the original application for this project was made jointly by Verizon Wireless and St. Mary's on August 12, 2003. The application was signed by Father Leopold Bilodeau on behalf of the church and by the Verizon Wireless Regional Manager, Sandy Carter, on behalf of Verizon Wireless. It was supplemented once, on October 1, 2003, and the proposal has not changed since then. At the request of some neighbors who are parties to this appeal, the October 1, 2003 supplement moved the equipment shelter from its original location to its present one, eliminating three to five parking spaces. On October 21, 2003, the Newport Planning Commission granted site plan approval, finding that "[t]raffic access is adequate." Certain neighbors appealed the zoning permit to the Environmental Court. Their only argument was that the project violated the "one principal use" requirement in the zoning bylaw. City of Newport Zoning Bylaw § 308. Verizon Wireless sought summary judgment, arguing that its project should not have required a site plan review under the bylaw. The Environmental Court ruled that the project was an allowed subordinate use, and did not violate the "one principal use" requirement; however, it also found that a site plan review was necessary. Both parties appealed. *Curtis*, 2006 VT 9. This Court affirmed the Environmental

Court's ruling on the "one principal use" issue but reversed its site plan determination. *Id.* ¶¶ 1, 8.

¶ 6. While the appeal was pending, the neighbors raised two other concerns in separate dockets, one before the Environmental Board, and the other in a new docket before the Environmental Court. The first was an Act 250 concern, which this Court has since resolved. *In re Ochs*, 2006 VT 34, 179 Vt. 496, 897 A.2d 550. The second raised, for the first time, the issue of whether the project required a conditional use permit.

¶ 7. The Environmental Court consolidated both the site plan review and the conditional use dockets in its Decision and Order on Motions to Remand. The Environmental Court classified parking at St. Mary's as "non-conforming." Section 501 distinguishes structures that do not comply with the bylaws from uses that do not comply, and §§ 402 and 403 specify different permitting procedures for the two different types of nonconformity. Nowhere in the decision did the court specify whether parking at St. Mary's was a nonconforming use or a noncomplying structure. Instead, the Environmental Court remanded the case to the zoning board of adjustment to determine whether a conditional use permit was necessary. This appeal followed.

¶ 8. Verizon Wireless contends that the Environmental Court should not have considered the question at all because the neighbors failed to raise it in their first appeal, and thus res judicata applies. To apply res judicata there must be a final decision on the merits, and the neighbors must have had the opportunity to fully litigate the claim they now raise. In this case, the Environmental Court's final judgment approving the zoning permit and our ruling finding no site plan review necessary both constitute final decisions on the merits of the permit. Thus, to determine whether res judicata applies to

this case, we must first decide whether the cause of action that the neighbors seek to assert is the "same cause of action" that they asserted in *Curtis*. We must then decide whether the parties are the same or in privity to the parties in that case.

¶ 9. Courts have long recognized that "'[p]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.'" *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 401 (1981) (quoting *Baldwin v. Iowa State Traveling Men's Ass'n*, 283 U.S. 522, 525 (1931)). Although the docket number on this case is different, and although the caption is "In Re St. Mary's Church Cell Towers" instead of "In Re Curtis," we conclude that this is, in fact, the same cause of action as *In re Curtis*. The question here, as in the first case, is whether the permit applicants have complied with the zoning bylaw. The facts necessary to determine this case are nearly identical to the facts in the first.

¶ 10. This is a bylaw compliance claim. It deals with whether the alterations to the church's structure require a conditional use permit. Section 605 of the bylaw requires the administrative officer to consider whether conditional use approval is necessary before issuing a zoning permit. The time to raise this issue was as soon as the allegedly nonconforming alterations were apparent. All the alterations at issue here should have been evident on October 1, 2003, when Verizon proposed the new position for the equipment shelter at the neighbors' request. Because the neighbors asked for the relocation, they had actual notice of the change. At this late stage, a site plan review has already been conducted and a zoning permit has already been granted and appealed. The neighbors lost their chance to raise the conditional use issue when they decided not to raise it in the first appeal.

¶ 11. Once we conclude that the cause of action is the same, we must examine whether the conflict arises between the same parties. *Bidgood*, 2005 VT 64, ¶ 6. Although the neighbors argue that this case involves only the church's obligations under the zoning permit, and not Verizon Wireless's, the two have identical interests in this matter. They have been represented by the same attorney throughout this process, and were co-applicants on the permit application.

¶ 12. For these reasons, the Environmental Court's decision remanding the project for a conditional use permit was in error. Since no site plan review has been found necessary, and the zoning permit has already been granted and appealed, the appropriate course of action is for this Court to reverse the Environmental Court's decision and dismiss the case.

*The Environmental Court's decision is reversed, and the case is dismissed.*