*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-350

MARCH TERM, 2012

| | |
|---|---|
| Keith Russell Judd | }   APPEALED FROM: |
| | } |
| | }   Superior Court, Washington Unit, |
| v. | }   Civil Division |
| | } |
| State of Vermont, Secretary of State | }   DOCKET NO. 279-5-11 Wncv |

Trial Judge: Geoffrey W. Crawford

In the above-entitled cause, the Clerk will enter:

Appellant appeals pro se from a trial court order dismissing his complaint seeking placement on the 2012 Presidential ballot. We affirm.

In February 2011, appellant, who is incarcerated, filed a complaint seeking to have his name placed on the ballot in Vermont for the Democratic Party nomination for President in 2012, and challenging state laws that allegedly prohibit convicted felons from voting in federal elections. The trial court dismissed his complaint, and this Court affirmed, finding that appellant failed to state a claim on which relief could be granted. See In re Judd, No. 2011-108, 2011 WL 4976600 (Vt. July 7, 2011) (unpub. mem.). In May 2011, while his appeal was pending, appellant filed another complaint, again seeking to have his name placed on the 2012 presidential ballot and challenging state laws that allegedly prohibit convicted felons from voting in federal elections. This complaint appears to be identical to that filed in February. In a May 2011 order, the trial court found that appellant had re-filed the same complaint that had been previously dismissed. It dismissed the second complaint on the ground that it had already decided the issue presented by appellant. This appeal followed.

Appellant maintains that the second complaint that he filed is not the same as the first one. He does not elaborate on this point, instead arguing the merits of his claim that state law is unconstitutional because convicted felons in prison are disqualified from primary presidential ballot access, apparently because they are unable to secure a petition signed by at least 1000 voters and they are unable to pay the relevant filing fee. See 17 V.S.A. § 2702. Appellant raises various other arguments, none of which appear to involve any claim that the trial court erred in dismissing his complaint on the grounds that it did. See In re S.B.L., 150 Vt. 294, 297 (1988) (appellant bears burden of demonstrating how the trial court erred warranting reversal, and Supreme Court will not comb the record searching for error); see also V.R.A.P. 28(a)(4) (appellant's brief should explain what the issues are, how they were preserved, and what appellant's contentions are on appeal, with citations to the authorities, statutes, and parts of the record relied on).

We find no basis to disturb the court's decision. The doctrine of res judicata "bars the litigation of a claim or defense if there exists a final judgment in former litigation in which the

'parties, subject matter and causes of action are identical or substantially identical.' " Berlin Convalescent Ctr., Inc. v. Stoneman, 159 Vt. 53, 56 (1992) (quoting Berisha v. Hardy, 144 Vt. 136, 138 (1984)). (citations omitted). The doctrine bars parties from litigating claims that were raised in previous adjudicative proceedings as well as those that should have been raised. Lamb v. Geovjian, 165 Vt. 375, 380 (1996); see also Iannarone v. Limoggio, 2011 VT 91, ¶ 15 (explaining that a claim will be barred from being litigated if "(1) a previous final judgment on the merits exists, (2) the case was between the same parties or parties in privity, and (3) the claim has been or could have been fully litigated in the same proceeding" (quoting In re St. Mary's Church Cell Tower, 2006 VT 103, ¶ 3, 180 Vt. 638)).

The dismissal of appellant's first complaint was a final judgment on the merits. Our rules of civil procedure provide that unless the court in its order specifies otherwise, a dismissal based on a failure of a plaintiff to comply with the rules or any order of court, with exceptions not relevant here, operates as an adjudication upon the merits. V.R.C.P. 41(b)(3). There is no indication that defendant's first complaint was dismissed without prejudice, and therefore the dismissal of that complaint under V.R.C.P. 12(b)(6) for failure to state a claim on which relief could be granted operates as a final adjudication on the merits. See also Exch. Nat'l Bank of Chicago v. Touche Ross & Co., 544 F.2d 1126, 1130-31 (2d Cir. 1976) (recognizing that "judgments under [Federal Rule of Civil Procedure] 12(b)(6) are on the merits, with res judicata effects").

While defendant asserts that his second complaint is different than the first, the record shows that they are identical. Defendant submitted a memorandum brief with minor differences in allegations from the complaint, but even if we considered the brief to be a further pleading, the differences are insubstantial. Because the complaints are substantively the same, we affirm the court's dismissal of the second complaint on res judicata grounds. See Cody v. Cody's Estate, 134 Vt. 113, 114-15 (1976) (similarly concluding that dismissal of first complaint on grounds that plaintiff failed to state a cause of action barred plaintiff from later instituting an action against the same defendants, alleging the same cause of action, and seeking the same relief).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

2