*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2013-099

OCTOBER TERM, 2013

| | |
|---|---|
| John J. Uckele | } APPEALED FROM: |
| | } |
| | } Superior Court, Grand Isle Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Johana Harris, Thomas Harris and Allstate Insurance | } DOCKET NO. 71-7-09 Gicv |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Plaintiff appeals a decision of the superior court, civil division, denying his request to set aside a settlement agreement and reinstate his personal injury action. We affirm.

The following facts are undisputed. In July 2009, plaintiff, who was born in January 1919, filed a lawsuit alleging that he suffered personal injuries as the result of an automobile accident that had occurred in July 2006. Plaintiff, who was represented by counsel, sued the driver of the vehicle that struck him and the owner of the vehicle, the driver's grandmother, for negligent entrustment. A mediation session was scheduled for May 6, 2011. Plaintiff attended the session with his wife and attorney. The session was held at the law office of the attorney of one of the defendants' insurers and lasted five or six hours. At the conclusion of the session, plaintiff signed a settlement agreement that awarded him $15,000 in exchange for signing a general release discharging his claims against defendants and agreeing to dismissal of his lawsuit with prejudice. Three days later, the parties' attorneys signed a stipulation for dismissal. The trial court ordered dismissal of the lawsuit on May 12, 2011.

On May 26, 2011, plaintiff filed a pro se motion asking the court to declare the settlement null and void. The court treated the motion as seeking relief under Vermont Rule of Civil Procedure 60(b) and held an evidentiary hearing on the motion on October 25, 2012. See Bidgood v. Town of Cavendish, 2005 VT 64, 179 Vt. 530 (mem.) ("A settlement agreement that is incorporated into a final judgment can be disturbed pursuant only to the procedures set forth in Vermont Rule of Civil Procedure 60(b)."). At the hearing, plaintiff was represented by counsel, who presented the testimony of an expert witness, plaintiff, and plaintiff's wife. The first witness, a non-practicing physician who had never treated plaintiff, opined that plaintiff would not have understood what was going on at the mediation session because of the medication he was taking for a cold—a cough suppressant syrup containing codeine. Plaintiff's wife testified, among other things, that plaintiff had been ill in the days leading up to the hearing, that he was very tired on the day of the hearing due to the medication he had been taking for the illness, and that he could not hear what was going on during the session. Plaintiff testified, among other things, that on the day of the mediation session he had a "bad cold," that he wanted to leave early

when he was offered only $1000 to settle the case, that his wife and attorney encouraged him to stay, that his attorney had told him the session would last for only an hour when it in fact it went on for over five hours, that he had nothing to eat for lunch, and that the mediator told him he would be better off settling the case.

Following the hearing, the superior court issued a decision denying plaintiff's Rule 60(b) motion, concluding that the evidence demonstrated that plaintiff had signed the settlement agreement and general release voluntarily "with more than adequate understanding of the terms and consequences thereof." The court found that plaintiff's decision to ask the court to set aside the agreement was the result of his belief that he had settled the case for too little money, which is an insufficient basis to grant relief under Rule 60(b).

On appeal, plaintiff argues that: (1) the court erred by concluding that the agreement did not result from duress, coercion, misrepresentation, mutual mistake, or unconscionability; (2) the court failed to follow Vermont policy and statutory law giving special status to vulnerable adults; and (3) the mediation did not follow some of the requirements of Vermont Rule of Civil Procedure 16.3 concerning alternative dispute resolution, and therefore the results of mediation could not be enforced.

The second and third arguments are raised for the first time on appeal, and thus we decline to address them. See Bull v. Pinkham Eng'g Assocs., Inc., 170 Vt. 450, 459 (2000) ("Contentions not raised or fairly presented to the trial court are not preserved for appeal."). At no point during the Rule 60(b) proceedings did plaintiff claim that he was entitled to relief from judgment because the mediation proceedings failed to follow the applicable rules; nor did he claim that he was a vulnerable adult or argue that he had a particular status in the context of these proceedings due to his being a vulnerable adult.

Before addressing plaintiff's principal argument on appeal, we address two motions that we indicated would be considered along with the merits of the appeal. In the first motion, defendants ask this Court to strike specified portions of plaintiff's printed case containing materials that were not part of the record below. We grant that motion insofar as plaintiff has failed to show that the challenged portions of the printed case contain documents that were part of the record below. See Hoover v. Hoover, 171 Vt. 256, 258 (2000) (stating that "our review is confined to the record and evidence adduced at trial"). In the second motion, plaintiff asks that he be allowed to file a "supplemental" brief filed after defendants filed their briefs. It appears that the most significant difference between the initial and supplemental briefs is that plaintiff added cites in the record to support his arguments. We grant this motion, which is also unopposed.

Plaintiff's principal argument is that the record does not support the court's denial of his motion to set aside the settlement agreement and reinstate his personal injury action. Public policy favors the voluntary settlement of disputes, and thus courts will generally enforce such agreements unless the moving party proves duress, coercion, or any of the other grounds sufficient to overturn a judgment pursuant to Rule 60(b). See Putnam v. Putnam, 166 Vt. 108, 113 (1996) (discussing standard for overturning settlement agreements in context of divorce proceedings). In this case, upon review of the record, we conclude that the evidence supports the court's conclusion that plaintiff failed to demonstrate that he is entitled to relief from judgment based on coercion, duress, or any of the other bases for overturning a judgment. See Lyddy v. Lyddy, 173 Vt. 493, 497 (2001) (mem.) ("A trial court's decision on a Rule 60(b) motion is

committed to the sound discretion of the court and will stand on review unless the record indicates that such discretion was abused.").

In essence, plaintiff argues that we should presume he signed the settlement agreement under duress or as the result of coercion sufficient to set aside the agreement based on the following facts: (1) he was ninety-two years old at the time of the mediation session; (2) he was sick that day and taking a cough syrup containing codeine; (3) he had trouble hearing what was going on; (4) he wanted to leave but his wife and attorney encouraged him to stay; (5) the mediator was very proactive in encouraging him to settle; and (6) he wasn't offered, and didn't eat, any lunch during a five-to-six-hour session that his attorney told him would last only one hour. Notwithstanding these facts, however, the superior court concluded, and the record supports the conclusion, that plaintiff understood the terms of the settlement agreement and voluntarily signed it. Plaintiff himself testified that he considered the initial offer of $1000 to be a joke and wanted to walk out at that point. Plaintiff's wife testified that plaintiff was unhappy over the terms of the agreement but signed it anyway because he was just too tired to fight anymore. Moreover, she testified that on the ride home from the mediation session plaintiff was unhappy because he did not receive as much money as he had hoped to get. Thus, the evidence supported the trial court's conclusion that although the medication containing codeine may have left plaintiff more tired than he otherwise would have been, there was no persuasive evidence that he settled the agreement as the result of duress or coercion. Rather, as the court concluded, the evidence indicates that this was a case of "buyer's remorse," where, in retrospect, plaintiff regretted having settled the case for less than he had hoped to receive. In short, the evidence supports the findings, which support the trial court's conclusion that plaintiff knowingly and voluntarily signed the settlement agreement.

Affirmed.


BY THE COURT:


_____
John A. Dooley, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Beth Robinson, Associate Justice

3