Filed 04/02/26

VERMONT SUPERIOR COURT

Rutland Unit
83 Center St
Rutland VT 05701
802-775-4394
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 26-CV-00176

| The Fucci Company, Inc v. Sheila Taggart |
| --- |

## ENTRY REGARDING MOTION

Title:      Motion to Set Aside Judgment; Motion to Dismiss and Stay Writ; (Motion: 2; 3)
Filer:      Jean L. Murray; Jean L. Murray
Filed Date:      February 25, 2026; February 25, 2026

The motion to set aside judgment is denied, and the stay of execution entered on February 26, 2026, is lifted.

This is a residential eviction case filed by The Fucci Company, Inc., landlord, against Ms. Sheila Taggart, tenant. By notice dated and mailed September 4, 2025, Fucci provided Ms. Taggart well over 60 days' notice that the tenancy would be terminated for cause as of December 31. Ms. Taggart did not vacate on December 31, and Fucci initiated this case by filing on January 9, 2026. Ms. Taggart was served "in hand" at her residence on January 30, 2026. Ms. Taggart did not answer or defend in a timely manner (or seek an extension of time to do so), and Fucci sought a default judgment on February 23. Judgment by default was entered and a writ of possession issued on February 24. The following day, counsel for Ms. Taggart entered her appearance and filed a motion to set aside the judgment and a motion to dismiss, both of which Fucci opposes.[1] The writ of possession currently is stayed.

A final default judgment may be set aside only under Rule 60(b). V.R.C.P. 55(d). Ms. Taggart argues that the final judgment should be reopened due to excusable neglect, V.R.C.P. 60(b)(1). The Vermont Supreme Court has clarified that a special analysis applies to such an argument in the context of a default judgment:

> In evaluating motions for relief from judgment in the context of default judgments, we have recognized that "[a] judgment by default effectively deprives a defendant of an opportunity to have the merits . . . determined through the normal adversary judicial process." Therefore, we noted the general presumption in favor of "resolving litigation on the merits, to the end that fairness and justice are served." On the other side of the scale, however, are the justice system's interests in efficiency and finality of judgments, interests which motivate the rigidity of Rule 60(b).

---

[1] Counsel's appearance on behalf of Ms. Taggart is limited: "The purpose and scope of this limited appearance is set out as follows: to file motion to Dismiss and Motion to Set Aside Default Judgment. Sheila Taggart is otherwise pro se and has entered, or will enter, a general appearance in this matter." Ms. Taggart has never entered her appearance in this case.

Beyond preserving efficiency and finality, Rule 60(b) respects the discretion of the trial court and the need for flexibility to manage its own docket. This consideration is especially compelling in civil cases with sophisticated parties represented by knowledgeable counsel . . . .

. . . [W]e [have] urged the trial court to consider the following factors when conducting the Rule 60(b) analysis: "whether the failure to answer was the result of mistake or inadvertence, whether the neglect was excusable under the circumstances, and whether the defendant has demonstrated any good or meritorious defense to the plaintiff's claims." With respect to the "excusable neglect" factor, courts should be particularly circumspect "when the initial fault, at least, appears to be that of a defendant's attorney." Concerning the "meritorious defenses" factor, the trial court should give substantial weight to a meritorious defense when determining whether to vacate a default judgment.

.   .   .

"It is incumbent upon a party seeking relief from a judgment not only to meet the requirements of [Rule] 60(b), but also to show, plead or present evidence of facts which, if established, would constitute a meritorious defense to the action. This policy recognizes that it would be an idle exercise and a waste of judicial resources for a court to set aside a judgment if, in fact, there is no genuine justiciable controversy." Where facts are in issue, an evidentiary hearing should precede a decision on the motion, unless the court finds that the motion is totally lacking in merit. However, the grounds for the motion must be pled with sufficient particularity to warrant a hearing and potential relief.

*LaFrance Architect v. Point Five Development South Burlington, LLC*, 2013 VT 115, ¶¶ 9–11, 20, 195 Vt. 543 (citations and footnote omitted).[2]

In her motion to reopen, Ms. Taggart argues that her failure to plead or defend in a timely manner was due to neglect that is excusable. She further argues that she has the following meritorious defenses: (1) Fucci has litigated the bases for eviction against her twice before, lost both times, and this case therefore is barred by the doctrine of res judicata; (2) the notice to terminate is ineffective because it does not explain how the lease was violated; (3) some or all cited bases for termination have been waived; and (4) some of the cited bases for termination are barred by the statute of limitations, 12 V.S.A. § 511. Though Ms. Taggart's motion to dismiss technically only becomes operative if the court first reopens the judgment, the court considers it to the extent that it elaborates on her arguments in support of reopening.

1.      *Excusable neglect*

---

[2] The court notes that, while Ms. Taggart may not be a "sophisticated" party within the contemplation of *LaFrance Architect*, she certainly is represented by "knowledgeable counsel," and she has at least some familiarity with court processes given her success defenses to Fucci's prior two eviction cases against her, discussed below.

Ms. Taggart's showing of excusable neglect consists exclusively of the argument of her counsel in briefing, which—in its entirety—is as follows:

> Undersigned counsel represents to this court that Shelia [sic] Taggart sought legal help but was delayed by Vermont Legal Aid's intake system. Because of funding losses, the system has slowed. Undersigned counsel has known about the case for two days and when she checked the portal, no Motion for Default had been filed. Any fault is not Shelia [sic] Taggart's.

This is wholly insufficient. It is entirely conclusory and nonspecific, no dates or details are provided, no explanation is provided as to how funding slowed the intake system in some relevant way, and counsel's plea that "[a]ny fault is not [Sheila] Taggart's" has no meaningful basis.

The court notes that Ms. Taggart would have received notice shortly after September 4, 2025, that her tenancy was being terminated on December 30, 2025. She does not assert lack of awareness of the impending termination of lease. Nothing stopped her from seeking the assistance of counsel right then. The termination notice expressly indicated that Ms. Taggart could contact the landlord to discuss termination and request a meeting, and it expressly told her how to do that. She does not assert that she did so. (Doing so might have been futile, but it would have helped demonstrate diligence.) The implication in counsel's description of the events is that the time for an answer had elapsed, or was about to elapse, when she first learned of the case. Considering all the circumstances, the reasonable inference is that Ms. Taggart's lack of diligence, not her counsel's or a slow intake system, is largely responsible for the failure to plead or seek an extension in a timely manner.

There is no excusable neglect in this case.

2.      *Res judicata*

Ms. Taggart argues that this is the third time that Fucci has attempted to terminate her tenancy, the two previous cases were dismissed, and those cases thus bar this one under the doctrine of res judicata (claim preclusion). See the cases docketed at 24-CV-3375 (Case 1), 25-CV-682 (Case 2). Res judicata will bar "the litigation of a claim or defense if there exists a final judgment in former litigation in which the 'parties, subject matter and causes of action are identical or substantially identical.'" *Berlin Convalescent Ctr. v. Stoneman*, 159 Vt. 53, 56 (1992) (quoting *Berisha v. Hardy*, 144 Vt. 136, 138 (1984)). For preclusion to apply, the final judgment in the former litigation must be "on the merits." *In re St. Mary's Church Cell Tower*, 2006 VT 103, ¶ 3, 180 Vt. 638.

Case 1 was filed on August 28, 2024. Ms. Taggart filed a motion to dismiss arguing that the notice to terminate was defective insofar as it violated mandatory HUD requirements. Soon thereafter, the parties' stipulation to dismissal *without prejudice* was approved by the court on November 5, 2024. See *Semtek Intern. Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) ("The primary meaning of 'dismissal without prejudice' . . . is dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim."). Case 2 was

3

filed on February 14, 2025. The court dismissed the case on August 18, 2025, because "Plaintiff failed to provide Defendant with Notice of Occupancy with [sic] the Notice of Termination in violation of the VAWA regulations." This case (the third) was filed on January 9, 2026. Neither Case 1 nor Case 2 reached the merits. Res judicata is irrelevant to this case.

       3.      *Asserted lease violations*

Ms. Taggart argues that the lease violations described in the notice of termination "fail to follow the requirements of the lease and fail to specifically list how the incidents alleged violate the lease, and whether Plaintiff's case is based on repeated minor violations or material violations of the Lease, as required by Lease ¶ 23." That is the entirety of this argument. Paragraph 23 of the Lease (Termination of Tenancy) includes 6 subsections, some lengthier and more complex than others, and one has 10 itemized subparts. This argument is far too conclusory for the court to understand Ms. Taggart's objection and why it would be sufficient to altogether invalidate the notice of termination. The court notes that the notice of termination sets out the objectionable conduct as well as the provisions of the lease and company rules and regulations violated.

       4.      *Waiver, no new violation, statute of limitation, etc.*

Ms. Taggart objects that the notices of termination in Case 1, Case 2, and this case appear to recite the same events as bases for terminating the tenancy. She argues that the notice in this case fails because it does not include any "new" events as the events listed in prior notices were waived, and some are so old as to be subject to the statute of limitations.

Waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (quotation omitted). To establish a valid waiver, the proponent of the waiver must show that the waiver was "knowing, intelligent, and voluntary." *State v. Kandzior*, 2020 VT 37, ¶ 17, 212 Vt. 260 (internal quotation omitted).

Ms. Taggart asserts without meaningful analysis essentially that any asserted violation in a prior case is automatically waived if that case is dismissed, or if a lease term renews without the landlord taking action. The lease term in this case is month to month. Ms. Taggart cites no authority that would apply such principles in the context of this case. Fucci's first two cases seeking Ms. Taggart's eviction obviously were miscues, but neither in any way demonstrates any kind of waiver. Rather, after each of the first two cases was dismissed for reasons other than the merits, Fucci promptly reinitiated the eviction process. There is no waiver. Fucci also claims that the cited objectionable events, or at least some of them, are continuing courses of conduct. At a minimum, there is no palpable reason that the notice of termination in this case is automatically invalid if it does not cite a violation occurring exclusively after Case 2 was dismissed.

Moreover, the limitations period at 12 V.S.A. § 511 is 6 years. If anything in the termination notice falls outside that period, most of the noticed conduct does not.

*Summary*

4

Ms. Taggart's purported "meritorious defenses" are thin legal arguments that are asserted in entirely conclusory terms that are not clearly tethered to the facts of this case. And, far from pleading or presenting "evidence of facts which, if established, would constitute a meritorious defense to the action," she asserts no such evidence at all. *LaFrance Architect*, 2013 VT 115, ¶ 20. Accordingly, there is no excusable neglect, and Ms. Taggart proffers no basis for any conclusion that setting aside the judgment would be anything other than a "waste of judicial resources." *Id*.

## Order

For the foregoing reasons, Ms. Taggart's motion to set aside judgment is denied; the stay of execution entered on February 26, 2026, is lifted.

Electronically Signed on: Thursday, April 2, 2026 pursuant to V.R.E.F. 9(d).

_____
Susan A. McManus
Superior Court Judge